THOMAS HARRIS and JOSEPH PRICE *against* JOSEPH MANDEVILLE, surviving partner of CHARLES CARROL.  JOHN M'GWIRE *against* same defendant.

[S. C. 2 Dall. 256 ]

In the case of British subjects, a discharge by the bankrupt laws of England will protect the person of the bankrupt in this state.

MR. HEATLEY for the defendant, moved to enter exoneraturs on the bail pieces, in both actions.

It was admitted that all the parties lived in England, and that the defendant was duly declared a bankrupt there, and had obtained his certificate of conformity. A discharge by the law of one country will be a discharge in another. 2 Stra. 733. The present suit must be fruitless ; for if after the assignment of a bankrupt's estate, a creditor knowing it and residing in England, attach the money of the bankrupt abroad, the assignee may recover it in an action for money received to their use. 4 Term Rep. 182. The case of Ballantine v. Golding, (Cook's Bankr. Law, 347, 1st edit.) is expressly in point. So is Miller v. Hall. Dallas 229. So was Crafton v. Coulson, lately in France, wherein it was determined that the assignees of a bankrupt should prevail against attachment creditors.

Mr. Tilghman for the plaintiffs, candidly admitted that the defendant's motion should prevail. Though in the case of Greenow v. Amery, determined not long ago, in the District Court of Massachusetts, it was resolved by Judges Iredel and Noel, that a bankruptcy and certificate obtained in Pennsylvania, should not protect a debtor, in a suit for goods bought in the state of Massachusetts, yet they held the law to be clearly otherwise in the case of British subjects, on a certificate of bankruptcy obtained in England.

*Per cur.* Let the exonereturs be entered.