## BOGART *against* M'DONALD.

A declaration was allowed to be amended by increasing the damages in the conclusion, on payment of costs.

IN the writ and declaration in this cause, the damages were laid at 600 dollars. The defendant was in custody, and filed a *cognovit* for 600 dollars.

*Riggs*, for the plaintiff, now moved for leave to amend the declaration, by striking out 600, and inserting 1200 dollars. The suit was on a note for pounds, and the mistake arose by inserting dollars, instead of pounds.

*Cady*, contra.                                             [*220]

*Per Curiam.* It is clearly a mistake ; and as there is no bail in the cause, no injury can arise from allowing the amendment. Courts are liberal in granting amendments, for the furtherance of justice. The motion is granted, on payment of costs, and with liberty to the defendant to plead *de novo.*

Rule granted.(*b*)

(*b*) By the common law, judicial tribunals are required to allow amendments which will conduce to the purposes of justice. And therefore they possess discretionary power, at every stage of the proceedings, to grant the right to amend upon such terms as they may judge proper. (*Horston* v. *Shilli-*

Bogart v. Macdonald.

*ter*, 6 J. B. Moore, 490. *Taylor et al.* v. *Lyon*, 2 Moore & Payne, 586. See *Penny* v. *Van Cleef*, 1 Hall R. 165. Grah. Prac. 2d ed. 649.) This power, as we shall hereafter see, has been in some degree controlled both in England and this country by statutory provisions, for the purpose of securing substantial rather than technical justice. Let us examine, in this note, some of the cases in which the rules of amendment have been considered in reference to declarations.

### § 1. *Generally as to the right.*

A declaration may be amended at any time, so long as the proceedings remain on paper; (*Havers* v. *Bannister*, 1 Wils. 7 ; see *Aubeer* v. *Barker*, 1 Wils. 149 ;) that is, until judgment signed, and during the term in which it is signed ; for until then, the proceedings are considered only as *in fieri*, and consequently subject to the control of the court. (Gra. Prac. 2d ed. 649. 2 Burr, 756. 3 Bl. Comm. 407. 1 Salk. 47 ; 2 id. 546 ; 3 id. 31. 1 Dowl. Pr. Cas.. 657.) And there is no difference in this respect, between penal and other actions ; (1 Doug. 114 ;) and the court will accordingly permit the plaintiff in a penal action to amend, even after the time limited for bringing another action, provided there have been no unnecessary delay upon his part, and that the amendment required do not introduce any new cause of action. (6 T. R. 543 ; 16 B. & C. 689.) After the term of which judgment is signed, the pleadings, &c. cannot be amended at common law, but by virtue of the statutes of amendments only. (Co. Lit. 260 ; see 2 Str. 1011. Grah. Prac. 2d ed. 649 ; see *Mathews* v. *Smith*, 1 Hodges, 175. *Jones* v. *Edwards*, 3 Mees. & Wels. 218. 6 Dowl. 369.) The sole object of amendment being to obtain substantial justice, but few general rules can be stated. As a general rule, an amendment will be granted wherever it can clearly be done without injustice, and where the party applying for it has not by his own negligence lost the right. (See *Mathews* v. *Smith*, cited *supra* in a criminal case. *Regina* v. *Hewins*, 9 Carr. & Payne, 786.) Thus where plaintiff has been misled by defendant as to the nature of a charter party, the court permitted plaintiff to amend by striking out a count in covenant on the charter party, and declaring for freight, not upon the charter party ; and this after many years had elapsed since the commencement of the action, the defendant having been the cause of the delay. (*Alywin* v. *Todd*, 1 Bing. N. R. 170.) And in an action against the sheriff for taking insufficient pledges in a replevin bond, the court allowed the declaration, which was in the common form, to be amended, (upon payment of costs,) by alleging, instead of a recovery in the original action, a reference by the consent of the sureties and the defendant, and the result of that reference ; and also by adding a new count. (*Dale* v. *Gordon*, 3 M. & Scott, 339.) And where the particulars showed the exact amount claimed, the judge allowed the declaration to be amended, by increasing the sums stated in each count. (*Dew* v. *Katz*, 8 C. & P. 315.) So where in *assumpsit* the declaration stated the undertaking to erect a building, and fit it up according to certain plans, by a day stated, for the sum of £20, plea *non assumpsit*, and that the agreement was rescinded ; the contract proved was for the erecting certain seats (for the coronation) to be com-

Bogart v. Macdonald.

pleted four or five days before, &c., for the sum of £25, and it appeared that no plans were ever agreed upon ; held, that the judge properly allowed the record to be amended according to the true contract, it not being material to the merits of the case. (*Ward* v. *Pearson*, 5 Mees. & W. 16; and 7 Dowl. 382.) So in an action by executors, the defendant pleaded in abatement the non-joinder of one executor (who had not proved.) The court allowed the proceedings to be amended, on payment of costs, as the statute of limitations would have been a bar to a fresh action. (*Lakin* v. *Watson*, 2 Dowl. P. C. 633.) And the court will give the plaintiff leave to do so in a civil action, even against a prisoner ; but they will not permit him to add new counts to his declaration in such a case. (*Owens* v. *Dubois*, 7 T. R. 698.) And where, in an action for a breach of promise of marriage, the declaration contained three counts, the first to marry on request, the second within a reasonable time, and the third generally. On a motion to amend the declaration, by inserting a new count to marry on a particular day, the court ordered the first count to be amended, by striking out the promise to marry on request, and introducing a particular day therein, although the declaration had been filed more than two terms before the application was made, and directed the costs of such application to abide the event of the cause. (*Horston* v. *Shilliter*, 6 J. B. Moore, 490.) So the court allowed several avowries in replevin to be amended by altering the name and description of the *locus in quo*, and stating the holding to have been for a year instead of half a year, and also by adding new avowries, varying the amount of the rent ; although issue had been joined and notice of trial given and countermanded, and more than two terms had elapsed previously to the application for the amendment. (*Prior* v. *Duke of Buckingham*, 8 J. B. Moore, 584.) So where a party was described as a foreign subject, but was not said expressly to be an alien, which was necessary to give the circuit court of the United States jurisdiction in the cause, the plaintiff was allowed to amend. (*Michaelson* v. *Denison*, 3 Day, 294.) Where a plaintiff, on leave to amend, struck out a count, erroneously supposing he had a better remedy for the cause of action on which it was founded, and took judgment on the remaining counts, he was permitted, on a review of the first action, to restore that count, having first unsuccessfully attempted his other supposed remedy. (*Parker* v. *Parker*, 17 Mass. 376.) Where the declaration in ejectment laid the demise, by mistake, before the death of the person, whose death gave rise to the controversy, leave was given to amend. (*Coates* v. *Hamilton*, 2 Dall. 256.) Where the plaintiff declared on a note, and for money paid, and for work and materials, he was allowed to file a statement on a due-bill and book account. (*Fairchild* v. *Dennison*, 4 Watts, 258.) An amendment of a count in slander, changing the words from one language to another in which they were spoken, is demandable of right by the plaintiff. (*Rahauser* v. *Schwerger Barth*, 3 Watts, 28.) And informalities in the names of parties may be corrected, on appeals from justices of the peace. (*Graham* v. *Vandalore*, 2 Watts, 131. *Bratton* v. *Seymour*, 4 Watts, 329.) So on payment of costs from the commencement of the action, the plaintiff was allowed, in Maryland, to amend his declaration from assumpsit to trover. (*Kirwan* v. *Raborg*, 1 Har. & J. 296.) And

in Alabama, whatever is amendable in the inferior court will be considered, in the supreme court, as amended. (*Boddie* v. *Ely*, 3 Stew. 182. See also *Hook* v. *Turnbull*, 6 Call, 85. *Smith* v. *Jackson*, Paine, 486.)

A declaration in ejectment may be amended, as in other actions; (*Den* v. *Smith*, 2 Pen. 710 ; *Lounsbury* v. *Ball*, 12 Wend. 247 ;) as, by alleging the date of the demise. *Anon.* 3 Halst. 366. (*Den* v. *Smith*, 2 Pen. 710. *Blackwell* v. *Patton*, 7 Cranch, 471.) Thus where the declaration laid the demise, by mistake, before the death of the person, whose death gave rise to the controversy, leave was given to amend. (*Coates* v. *Hamilton*, 2 Dall. 256.) So an amendment of a declaration, by enlarging the term, was allowed on payment of costs. (*Cockshot* v. *Hopkins*, 2 Dall. 97. *Wood* v. *Galbraith*, 2 Yeates, 536.) But the court will not allow an amendment, by enlarging the term, where after judgment the term expires, if there has been great laches and delay, and another party has come into possession. (*Gardiner* v. *Wilson*, 2 Yeates, 186. *Campbell* v. *Gratz*, 6 Binn. 115.) A new demise may be added, on terms, viz. that the defendant have twenty days after service of the amended declaration, to elect whether he will continue to defend ; and should he elect to defend, then he is to have the costs usual in cases of amendment, and twenty days from the time of making such election, to plead *de novo*, or abide by his former plea. If he elect to proceed no further, then to receive all his costs up to the day of making such election. (*Anonymous*, 2 Caines, 260, 261. *Et vide* Coleman, 49. *Jackson* v. *Murray*, 1 Cow. 156.) It has also been decided that after six years' service of the declaration, leave was given to amend, by adding new demises, only on the plaintiff's paying all the costs already incurred, in case the defendant should choose to relinquish his defence. (*Jackson* v. *Kough*, 1 Caines, 251. 18 Johns. 510.) Again, the defendant may, at any time, move to have the demise of a lessor, who died before the commencement of the action, struck out of the declaration, without costs ; (*Jackson* v. *Reynolds*, 1 Caines, 20 ; *Jackson* v. *Ditz*, 1 Johns. Cas. 392 ; S. C., Coleman, 102 ; *Jackson* v. *Bankcroft*, 3 Johns. 259 ; *Elliot* v. *Bohannon*, 5 Monr. 123 ;) or a lessor may be struck out of the declaration, on affidavit of his having no interest in the premises ; (*Jackson* v. *Sclover*, 10 Johns. 363 ;) though, under special circumstances, the court will permit his demise to be retained ; (*Id. ;*) and several new demises have been permitted to be added where there was a subsisting title in the added lessors ; (*Jackson* v. *Travis*, 3 Cowen, 356 ;) though the plaintiff will not be permitted to amend his declaration, by inserting a demise from a person who has no claim of any subsisting title to the premises in question. (*Jackson* v. *Richmond*, 4 Johns. 483.) In ejectment, an amendment, so as to enlarge the term laid in the declaration, will be permitted, in the discretion of the court. So the notice at the end of the declaration in ejectment, may be amended after service, by striking out one day and inserting another. (*Den* v. *Laning*, 4 Halst. 254.) And where there was an actual entry and lease for the purpose of avoiding a fine, and the demise in the declaration was by mistake laid on the first instead of the sixth of May, the court granted leave to amend, but allowed the defendant to elect in twenty days whether to defend or not ; and if he chose to defend, then to have the costs of the amendment only ; but if he

abandoned his defence, then he was to be entitled to costs to the time of his election. (*Lion* v. *Burtis*, 18 Johns. 510.) A declaration cannot be amended by inserting new lessors, nor by adding new demises dated after action brought. (*Dudley* v. *Grayson*, 6 Monr. 260. *Currie* v. *Tebbs*, 5 Monr. 442.) In a writ of entry, a parcel of land, described in the count as an entire tract, was demanded. But only a part of it was in dispute between the parties, and that part was within the tenant's enclosure; the residue being within the enclosure of the demandant. After a plea of an entry by the demandant, pending the suit in abatement of the writ, it appearing that the demandant had only entered upon the parcel of the land which was within his own enclosure, the court permitted the demandant to amend his count, so as to confine his demand to the parcel within the tenant's enclosure, upon terms; (*Wilson* v. *Eaton*, 5 N. Hamp. 141 ; S. P., *Somes* v. *Skinner*, 16 Mass. 357 ;) and a demandant in a writ of right, having counted on his own seisin within forty years, may amend by substituting thirty ; (*Holmes* v. *Holmes*, 2 Pick. 23 ;) and in an action of ejectment in which, according to the provisions of the laws of Tennessee, the defendant was held to bail, the declaration stated two demises, one by N. and K., citizens of Pennsylvania, the other by B. and G., citizens of Massachusetts. The cause coming on before a jury, the plaintiff suffered a nonsuit, which was set aside, and the court, on the motion of the plaintiff, permitted the declaration to be amended by adding a count on the demise of S., a citizen of Missouri. The parties went to trial without any other pleading, and the jury found for the plaintiff on the third or new count, and a judgment was rendered in his favor. Held to be valid. (*Wright* v. *Hollingsworth*, 1 Pet. 165.)

Where a suit is commenced by filing and serving a declaration, such declaration is amendable as of course, like one filed after process. (*People* v. *Monroe C. P.* 5 Wend. 105.) New notice of the rule to plead need not be given after amendment of a declaration as of course. (*Anon.* 4 Wend. 197.)

In South Carolina, a party is generally entitled to amend in form or substance, on paying costs, if the other party be not thereby delayed or surprised. In matters of form, amendments are allowed only where the previous part of the record affords something to amend by ; but in matters of substance, the amendment must conform to the facts, as to which the previous parts of the record cannot often be a guide. (*Jenkins* v. *Hutchison*, 2 Hill, 626. See also *Cates* v. *Cureton*, Harper, 400. *Philips* v. *M'Masters*, 2 Rep. Con. Ct. 261.) An amendment, however, will not be allowed after the cause has gone to the jury. (*Glenn* v. *M'Cullough*, 2 M'Cord, 212. See also 2 Hill, 626.)

But where the defendant may have been prejudiced by the contract not having been properly stated, the judge will not allow the variance to be amended ; (*Ivey* v. *Young*, 1 M. & Rob. 545 ; and 5 Dowl. 450 ;) and where it is manifest that no good declaration can be made, a plaintiff shall not have leave to amend. (*Brown* v. *Beauchamp*, 5 Monr. 417.) After the plaintiff had discontinued a former action, and commenced a new suit, which had been four times noticed for trial, the court would not allow him to amend by substituting or adding a new count ; (*Sackett* v. *Thompson*, 2 Johns. 206 ;) and an amendment of a declaration was refused when it was too late for the de-

Bogart v. Macdonald.

fendant to have an imparlance. (*Proprietary* v. *Pearce*, 1 Har. & M'Hen. 223.)

Amendments of the declaration are permitted in penal as in ordinary actions. (*Barber* v. *McHenry*, 6 Wend. 516. See 1 Doug. 114. 6 T. R. 643. 10 B. & C. 689.)

It is error, in Pennsylvania, to refuse an amendment of a *declaration* so as to conform it to the instruments offered in evidence. (*Commonwealth* v. *Meckling*, 2 Watts, 130. See also *Smith* v. *Boyer*, 2 Watts, 173.) But this rule is not applied to amendments offered after a judgment against the plaintiff, on a demurrer. (*Burk* v. *Huber*, 2 Watts, 306.) So in ejectment, if the lease laid in the declaration has expired, it is error in the court to refuse an amendment by enlarging the term. (*Maus* v. *Montgomery*, 10 S. & R. 192.) But in *Walden* v. *Craig*, (9 Wheaton, 576,) on a writ of error to the circuit court of Kentucky, which had denied a motion to enlarge the term in an action of ejectment, Chief Justice Marshall observed : "The proceedings are all fictitious, fabricated for the mere purposes of justice, and there is every reason for allowing amendments in matters of mere form. There is peculiar reason in this case, where the cause has been protracted, and the plaintiff kept out of possession beyond the term laid in the declaration, by the excessive delays practised by the opposite party. The cases cited by the plaintiff's counsel in argument are, we think, full authority for the amendment which was asked in the circuit court, and we think the motion ought to have prevailed. But the course of this court has not been in favor of the idea that a writ of error will lie to the opinion of a circuit court, granting or refusing a motion like this. No judgment in the cause is brought up by the writ, but merely a decision on a collateral motion, which may be renewed. For this reason, the writ of error must be dismissed."

### § 2. *Generally as to the statutes of amendment.*

At common law, judgments were constantly liable to be arrested for mere errors of form, (Steph. Pl. 97 ; 2 Reeves, 448 ; 3 Black. Comm. 447,) but this abuse has been long remedied by certain statutes passed at different periods, commonly called *the statutes of amendments and jeofails*, by the effect of which judgments at the present day cannot in general be arrested for any objection of form. (Id.) These statutes, so called from *J'ay faillé*, an expression used by the pleader when he perceived a slip in his proceeding, are, in England, the following, viz.: 14 Ed. III. c. 6 ; 9 Hen. V. ch. 4 ; 4 Hen. VI. ch. 3 ; 8 Hen. VI. ch. 12, 15 ; 32 Hen. VIII. ch. 30 ; 18 Eliz. ch. 14 ; 21 Jac. I. ch. 13 ; 16 and 17 Car. II. ch. 8 ; 4 and 5 Anne, c. 16 ; 5 Geo. IV. c. 13. (Id. app. p. xxxvii.) They have been substantially re-enacted in the United States, and the decisions of the courts have always been controlled by their equitable provisions. The New York statute, so far as it applies to the amendment of declarations, is as follows : After judgment rendered in any cause, any defects or imperfections, in matter of form, contained in the record, pleadings, process, entries, returns, or other proceedings in such cause, may be rectified and amended by the court, in affirmance of the judgment, so that such judgment shall not be reversed or annulled ; and any variance in

Bogart v. Macdonald.

the record, from any process, pleading or proceeding, had in such cause, shall be reformed and amended, according to such original process, pleading or proceeding. (2 R. S. 424, sec. 4.) And when a verdict shall have been rendered in any cause, the judgment thereon shall not be stayed, nor shall the judgment upon such verdict, or any judgment upon confession, default, *nihil dicit*, or *non sum informatus*, be reversed, impaired, or in any way affected, by reason of the following imperfections, omissions, defects, matters or things, or any of them, in the pleadings, process, proceedings or record, namely : For any variance between the original writ, bill, plaint, and declaration, or between either of them: for any mispleading, miscontinuance or discontinuance, insufficient pleading, lack of color, jeofail, or misjoining of issue: for the want of any allegation or averment, on account of which omission, a special demurrer could have been maintained : (and see 2 R. S. 352, sec. 4–6 :) for omitting any allegation or averment of any matter, without proving which, the jury ought not to have given such verdict: for any mistake in the name of any party or person, or in any sum of money, or in the description of any property, or in reciting or stating any day, month or year, when the correct name, time, sum, or description, shall have been once rightly alleged, in any of the pleadings or proceedings: for the want of any right venue, if the cause was tried by a jury of the proper county : the omissions, imperfections, defects and variances, in the preceding section enumerated, and all others of the like nature, not being against the right and justice of the matter of the suit, and not altering the issue between the parties, or the trial, (7 Wend 351,) shall be supplied and amended by the court where the judgment shall be given, or by the court into which such judgment shall be removed by writ of error ; (2 R. S. 425, sec. 8 ;) and these provisions extend to all actions in courts of law. (Id. § 10. See Statutes of Ohio, ed. 1841, p. 687 ; Statutes of Tennessee, ed. 1836, p. 88, 89 ; Rev. Stat. of Massachusetts, 449, 606, 553, 569, 608 ; Stat. of Maine, 498, 499 ; Id. of Mississippi, 458, 459, 461, 462 ; Id. of New Jersey, 986, 987, 988 ; Id. of Indiana, 456, 457 ; Id. of Pennsylvania, by Dunlop, 188, 189 ; Id. of Kentucky, 337, 340.)

In England, the statutes of 9 George IV. and 3 and 4 William IV. ch. 42, allow many amendments to be made which were unknown to the common law and the statute of jeofails. It is not necessary, however, to state their provisions here. (See the older statutes, 3 Evans' Statutes, ed. 1836, by Granger, 39, 40, 207, 208, 209. Also 1 Crabb's Digest, 75, *et seq.*; 1 Granger's Supplement to Evans, 443, *et seq.*; 411, 462.)

### § 3. *New cause of action not permitted.*

Amendments being discretionary with the court, and, as we have seen above, (*supra, intro,*) allowed at every stage of the proceedings in furtherance of justice, (see also *infra, §§ 4, 5,*) the courts will permit any amendment of the declaration either in form, (2 Str. 1162,) or in substance, (2 Burr. 1098 ; 1 Wils. 7 ; Grah. Prac. 2d ed. 654,) as the justice of the case seems to require. But this general principle is to be taken with one important qualification, namely, that the amendment does not introduce any new substantive cause of action against the defendant. Thus where the plaintiff, under leave to

Bogart v. Macdonald.

amend, adds new counts which contain no new cause of action, but only vary the manner of statement in a count which was demurred to, the court of common pleas will not order them to be struck out. (*Brown* v. *Crump*, 1 Marsh. 609. 6 Taunt. 300. *Sweeting* v. *Halse*, 4 Man. & Ryl. 383. See also *Wiley* v. *Moore*, 2 Wend. 254.) And where a plaintiff declared in slander for words charging him with mal-practice as a physician, he was permitted after the cause was twice noticed for trial, to amend by adding words of the same character on payment of the costs of a new plea or notice of justification, should the same become necessary, and also on payment of the costs of the motion ; but he was not allowed to amend by adding words charging him with being a quack or practising without a diploma, as there was a probability that the latter words were barred by the statute of limitations. (*Weston* v. *Worden*, 19 Wend. 648. *Sever* v. *Smith*, 18 Johns. R. 310.) Under the statute of Pennsylvania of 1806, and the rules established by the supreme court of Massachusetts and Maine, the true criterion for determining whether an amendment is admissible is this—whether the amendment is of another cause of controversy ; or whether it is the same contract or injury, and a mere permission to lay it in a manner which the plaintiff considers will best correspond with the nature of his complaint, and with his proof and the merits of his case. (*Cassell* v. *Cooke*, 8 S. & R. 287. *Newlin* v. *Palmer*, 11 S. & R. 102. *Haynes* v. *Morgan*, 3 Mass. 208. *Eaton* v. *Ogier*, 2 Greenl. 46.) The plaintiff cannot introduce an entirely new cause of action. But if he adhere to the original cause of action, he may add a count substantially different from the declaration. (*Cunningham* v. *Day*, 2 S. & R. 1. *Rodrigue* v. *Curcier*, 15 S. & R. 81. *Ebersoll* v. *Krug*, 5 Binn. 53. 3 Mass. *ubi. sup.* *Ball* v. *Clafllin*, 5 Pick. 303. *Swan* v. *Nesmith*, 7 Pick. 220. 1 Miles, 67.) And so in Connecticut, Vermont, and New Hampshire. (*Ross* v. *Bates*, 2 Root, 198. *Carpenter* v. *Gookin*, 2 Verm. 495. *Butterfield* v. *Harrell*, 3 New Hampshire R. 201. *Edgerly* v. *Emerson*, 4 New Hampshire R. 147.) Thus in an action against the defendant as endorser of two promissory notes, where it appeared that the notes declared on were not due at the time of instituting the action, it was held that an amendment introducing five other notes, entirely different as to dates, sums, and (as regarded two of them) the name of the drawer, was not admissible, although it was contended that the notes proposed to be substituted were originally intended to be the subject matter of action, but were omitted by mistake, and although the statute of limitations would intervene to prevent a fresh suit upon them. (*Farmers and Mechanics' Bank* v. *Israel*, 6 S. & R. 294.) Nor can a declaration for work done be amended by stating the breach of a special agreement by the defendant to employ the plaintiff. (*Diehl* v. *M'Glue*, 2 Rawle, 337.) Where a declaration laid, that the defendant was indebted to the plaintiff for subscription to a canal company, with interest, it was held that an addition of a count, demanding the penalty of five per cent. per month, under the act of assembly incorporating the company, was a matter of substance, and not within the provisions of the act of 1806. (*Canal Company* v. *Parker*, 4 Yeates, 363.) An amendment of a declaration in slander, by adding a count for a malicious prosecution, will not be allowed under the act. (*Shock* v. *M'Chesney*, 4 Yeates,

·Bogart v. Macdonald.

507.) And in an action against a sheriff for returning bail when no bail was·
taken, the plaintiff cannot amend by adding a count for not delivering up the
bail bond mentioned in the sheriff's return. (*Eaton* v. *Ogier*, 2 Greenl. 46.)
And where a merchant in New York sold goods there, and received the pur-
chaser's negotiable note in full for the goods, which note was afterwards lost.
In assumpsit on an account annexed for goods sold and delivered, it was held,
that the plaintiff could not amend by inserting a count upon the note, the
note and the account being different causes of action ; but that he was enti-
tled to recover on the original count, the giving of the note not being by the
laws of New York a payment. (*Vancleef* v. *Therasson*, 3 Pick. 12.)    And
upon the same principle, a declaration on the statute of 1788, c. 16, charging A.
one of the defendants, with spending and using his property while imprisoned on
execution, and the other defendants with aiding him in spending, using, and
secreting it, cannot be amended by adding a count at common law charging·
defendants with a conspiracy to enable A. to transfer and conceal his proper-
ty in order to defeat the creditor.    (*Mason* v. *Waite*, 1 Pick. 452.)    So the
plaintiff will not be permitted to alter a count in trover for a bond by alleging
conversion of instruments of writing not under seal. (*Tryon* v. *Miller*, 1
Whart. 11.)    Where there is no proof applicable to one of the counts in the
declaration, the court will not give leave to amend the declaration.    (*Dyson*
v. *West,* 1 Har. & J. 567.)    And if the declaration sets forth a joint and se-
veral bond, it cannot be amended by adding a count setting forth a joint bond
of the defendant and another. (*Postmaster* v. *Ridgway*, Gilpin, 137.)    So
where a declaration, in an action for fraud in making shingles, averred that the
defendant contracted to make a certain quantity of shingles for the plaintiff.
A new count, alleging that by the contract the plaintiff was to furnish mate-
rials to the defendant for making the shingles, was held to be for a new cause
of action, and therefore not allowable. (*Morton* v. *Fairbanks*, 11 Pick. 368.)
And where the demandant in a writ of entry claimed a fractional part of a
messuage, he was not allowed to amend by adding a count demanding the
whole. (*Slater* v. *Nason*, 15 Pick. 345.)    But where his count averred that
his ancestor was seised within twenty years, and that the tenant disseised
the demandant, he was allowed to amend by substituting an averment that
the demandant was seised, and that the tenant within thirty years disseised
him. (Id.    See *Campbell* v. *Proctor*, 6 Greenl. 12.)

    Let us now examine some of the cases where the cause of action has been
held not to be different, and amendments have, therefore, been allowed upon
the principle of *Penny* v. *Cleef*, (1 Hall, 165,) that an amendment of the de-
claration will at all times be granted upon payment of costs, when such
amendments do not operate as a surprise upon the defendant nor subject him
to injury.    Thus where plaintiff declared, that "defendant, administrator,
&c. being indebted for money had and received by the intestate, promised,"
&c., and amended thus, " the intestate being indebted for money had and re-
ceived by him, promised," &c.    Held, the amendment was for the same cause
of action as the original count. (*Eaton* v. *Whitaker*, 6 Pick. 465.)    And
where in an action by an executor, the original declaration was for money
had and received by the defendant to the use of the plaintiff as executor ; the

court allowed plaintiff to amend by adding counts for money had and received by the defendant to the use of the testator, and a promise thereon to pay the executor—on an *insimul computassent* between the plaintiff as executor and the defendant, of money due the plaintiff as executor—and for money had and received to the use of the testator, and a promise to pay the testator. Verdict and judgment for the plaintiff. Held that it was not error to allow the amendments, and that, after verdict and judgment, the amended counts must be presumed to be for the same cause of action as the original count, as nothing appeared on the record to show that they were for different causes. (*Clarke* v. *Lamb*, 5 Pick. 512. See *Willis* v. *Crooker*, 1 Pick. 204.) And where the original count was *indeb. assump.* for goods sold and delivered, and a bill of particulars was filed, and afterwards two new counts were added, charging the defendant with having received goods as bailiff or factor, and no evidence was adduced, in support of these counts, of any other goods being received than those contained in the bill of particulars, a verdict on the new counts was sustained—the amendment being only a variation in the form of declaring. (*Ball* v. *Claflin*, 5 Pick. 303.) So after issue joined, the plaintiff in trover was allowed to amend his declaration, by substituting the words " hyson skin" for " hyson tea," the substantive cause of action in both cases being the same. (*Heneshoff* v. *Miller*, 2 Johns. R. 295.) So where the declaration is in *indeb. assump.* for goods sold, &c. the plaintiff may be permitted at the trial to add a count on a *quantum meruit*. (*Rodrigue* v. *Curcier*, 15 S. & R. 83.) And a declaration charging one, who had endorsed a note in blank, as an original promisor, may be amended by charging him as guarantor. (*Tenney* v. *Prince*, 4 Pick. 385. See 10 Mass. 251.) And where the action was for damages arising from the defendant's misconduct, as agent in the sale of certain goods consigned to him, it was held that the defendant might add several other counts tending to the same point with the original declaration, and preserving the substance of the same complaint. (*Rodrigue* v. *Curcier*, 15 S. & R. 81.) Where a declaration charged a postmaster with unlawful neglect and refusal to deliver a letter, a new count was received, charging the same act to have been done by one duly sworn, whom the defendant wrongfully permitted to have the care of the mail in his office. (*Bishop* v. *Williamson*, 2 Fairf. 495.) So in an action on a policy of insurance, where the plaintiff declared on loss by capture and by perils of the sea, the court permitted an amendment by adding a count for loss by barratry. (*Anon.* 15 S. & R. 83.) And where the plaintiff declared in assumpsit for breach of a promise to convey land, it was held that he might amend the declaration by setting forth again the breach of contract, blended with complaints of fraud. (*Cavene* v. *Michael*, 8 S. & R. 441.) In an action against an administrator, counting on the intestate's promise, to which the statute of limitations is pleaded, leave was given to amend by adding a count stating a promise by the administrator. (*Saltar* v. *Saltar*, 1 Halst. 405. *Lindsay* v. *Jamison*, 4 M'Cord, 93.) In trespass *qu. cl.* plaintiff may amend by alleging any other torts in the same close, only more accurately describing the *locus in quo.* (*Cumings* v. *Rawson*, 7 Mass. 440.) And in case for a vexatious suit, where the declaration alleged that the defendant maliciously commenc-

## Bogart v. Macdonald.

ed his action, and attached the plaintiff's property, it was held allowable to amend so as to charge defendant with maliciously continuing his attachment after he knew he had no just cause of action. (*Stone* v. *Swift*, 4 Pick. 393.) And though a cause has been two years at issue, and twice noticed for trial, the declaration may be amended by adding a new count upon the same cause of action, on the plaintiff's paying only the costs of motion, unless the pleas are withdrawn or a new defence is rendered necessary by the amendment. (*Saltus* v. *Bayard*, 12 Wend. 228.) It is stated as a general rule, that in actions of slander, new general counts, alleging that the defendant charged the plaintiff with forgery, fraud, lacerny, &c., being for the same causes of action as the original counts, may be filed by way of amendment. (*Gay* v. *Homer*, 13 Pick. 535. See also *Williams* v. *Cooper*, 1 Hill, 637.) And where a declaration alleged that the defendant was a pilot for the harbor of B., duly appointed, &c., and that he undertook to pilot the plaintiff's vessel, but that by his negligence, the vessel was lost, a new count was allowed to be filed, alleging the same loss by the defendant's negligence, and also reciting the rules made pursuant to statute, by the B. Marine Society, which were referred to in the defendant's commission, and served to show the nature and extent of his duties as pilot. (*Heridia* v. *Ayres*, 12 Pick. 334.) In Pennsylvania, it is established that where the foundation and purpose of an agreement is the same as set forth in the original count, and in that which is offered as an amendment, the latter will be received, although there be a difference in the two, both as to the terms and the breaches of the agreement. (*Kester* v. *Stokes*, 1 Miles, 67.  S. P. *Coxe* v. *Tilghman*, 1 Whart. 282.)

Upon the same principle, where in an action for breach of promise of marriage, the declaration contained three counts ; the first of which was to marry on request ; on a motion to amend by adding a new count, to marry on a particular day, the court of common pleas ordered the first count to be amended by striking out the promise to marry on request, and inserting a particular day, although the declaration had been filed more than two terms ; and they directed the costs of such application to abide the event of the cause. (*Horton* v. *Shilliter*, 6 Moore, 490.) So where in an action by assignees for the rescue of goods distrained for rent due to the bankrupt, the court allowed new counts to be added, stating the facts to have taken place in the time of the provisional assignee, though two terms had elapsed since the return of the writ, the cause of action being substantially the same. (*Freen* v. *Cooper*, 2 Marsh. 59. 6 Taunt. 358.) So where in an action of slander for giving a servant a false character, a rule for a new trial was made absolute, and the plaintiff had leave to amend one of the counts of the declaration, in order that the words charged might be made to correspond with those proved at the first trial ; the court allowed a new count to be added to enable the parties to try the merits at the second trial. (*Wyatt* v. *Cocks*, 10 Moore, 504.) So the declaration was permitted to be amended by allowing plaintiffs to declare on the same cause of action, as surviving partners instead of administratrixes, when administration was not taken out before action brought, and the statute of limitations would have run against a new action. (*Taylor* v. *Lyon*, 5 Bing. 333. 2 M. & P. 586.) And in an action for disturbance of a right of ferry, the de-

·claration was allowed to be amended, after the cause had been taken down to the assizes and the record withdrawn, by introducing new counts, in which the termini of the ferry were varied, and also the description of the persons liable to toll. (*Morris* v. *Evans*, 1 Dowl. P. C. 657.) So in an action against the sheriff for taking insufficient pledges in a replevin bond, the court allowed the declaration, which was in the common form, to be amended (upon payment of costs,) by alleging, instead of a recovery in the original action, a reference by the consent of the sureties and the defendant, and the result of that reference ; and also by adding a new count. (*Dale* v. *Gordon*, 3 M. & Scott, 339.) And in an action by executors, the defendant pleaded in abatement the nonjoinder of one executor, (who had not proved.) The court allowed the proceedings to be amended, on payment of costs, as the statute of limitations would have been a bar to a fresh action. (*Lakin* v. *Watson*, 2 Dowl. P. C. 633.) And in debt on a recognizance of bail, the declaration stated the recognizance to have been entered into in an action of debt against J. S. On the production of the record, (on a plea of *nul tiel record*,) it appeared that the original action was on promises. The court allowed the declaration to be amended on payment of costs, but required a special application for that purpose, and would not permit it to be made to prevent the defendant from obtaining judgment. (*Munkenbeck* v. *Bushnell*, 4 Dowl. P. C. 139. See also *Ernest* v. *Brown*, 2 M. & Rob. 13.) An amendment of the plaintiff's declaration does not necessarily entitle the defendant to plead *de novo*, but only where the amendment alters the state of the defendant's case. (*Woodroffe* v. *Watson*, 6 Taunt. 400.)

*Change of venue.*] The court will not amend a declaration, by changing the venue, unless the plaintiff shows substantial ground for it ; therefore, where the plaintiff moved to amend, by changing the venue from Bedford to Middlesex, on the ground that the action depended on the construction of an act of parliament, the court, on the affidavit of the defendant that the cause of action arose in Bedfordshire, discharged the rule. (*Ayres* v. *Buston*, 2 Marsh. 121. 6 Taunt. 408.) And where a plaintiff, an attorney, by the mistake of his agent, laid the venue in the country, instead of Middlesex, the court refused to amend by changing it to Middlesex. (*Lewis* v. *Shelley*, 2 Marsh. 426. 7 Taunt. 146.) But (in Massachusetts) where in assumpsit on ·a promissory note, the declaration described it as dated at Concord in the county of Middlesex, whereas on the trial it appeared to be dated at Boston in the county of Suffolk, the court held, that although the correct mode of declaring upon a promissory note bearing date of a place not within the county, is to set out the true date and lay the venue under a videlicit, yet that the plaintiff might amend without costs. (Semble, *Munroe* v. *Cooper*, 5 Pick. 412.) In *Farrington* v. *Suydam*, (9 Wend. 430,) the plaintiff, after having noticed his cause for trial, was permitted to amend his declaration by changing the venue, on paying the costs of resisting the motion, and of the former plea, if a new defence was interposed. And in *Wakeman* v. *Sprague*, (7 Cowen, 164,) the court held, under the 8th rule of April term, 1796, that in a case where the plaintiff might amend of course, he might so amend as to

change the venue. (See also *Den* v. *Averill*, Coxe, 583. *Paine* v. *Parker*, 13 Johns. R. 329.)

*Change of the name or character of the party.*] Where the name of the plaintiff was mistaken in the process and all the proceedings, the court of exchequer allowed the amendment of the declaration whilst every thing was on paper. (*Gardner* v. *Walker*, 3 Anst. 935.) So a variance between the name of the attorney in the warrant and in the declaration may be amended by altering the name in the warrant to that in the declaration, in a penal action, after error brought and the variance assigned for error. (*Richards* q. t. v. *Brown*, 1 Dougl. 114.) And in an action by the assignees of a bankrupt, the court allowed the declaration to be amended by adding the name of the official assignee as a plaintiff, on payment of costs. (*Baker* v. *Neaver*, 1 C. & M. 112. 1 Dowl. P. C. 616.) So where in a declaration in slander, the charge was that the defendant alleged of the plaintiff that " she ran away from Fairfield for *stealing*," and the defendant's christian name was misstated in the declaration, it was held·that it might be amended by the writ in which it was correctly stated. (*Phillips* v. *M'Masters*, 2 Rep. Conn. Ct. 261.) In *indeb. assump.* against a factor to recover the amount of sales under a *del credere* commission, the original counts were for balance of account, money had and received, and on an *insimul comput.* Plaintiff was permitted to amend, by declaring against defendant as a simple factor, and also as a factor with a *del credere* commission. (*Swan* v. *Nesmith*, 7 Pick. 220. S. P. *Caldwell* v. *Remington*, 2 Whart. 132. *Yoke* v. *Robertson*, 2 Whart. 155.) So where the writ stated the defendant's testator, as bailiff and receiver of A., and the declaration charged him accordingly, an amendment was permitted by adding a count, in which the plaintiff was described as surviving partner, and his interest as having been held jointly with a certain B., deceased. (*Grutz* v. *Philips*, 1 Binn. 588.) And in an action for a legacy against one charged, by mistake, as executor, the plaintiff may amend by charging him as devisee. (*Leighton* v. *Leighton*, 1 Mass. 433.) Upon the same principle, an averment that a minor sues by guardian may be amended by changing it so as to aver a suing by next friend. (*Slater* v. *Nason*, 15 Pick. 345.)

But it is error to allow a plaintiff to amend by adding a new party. (*Chamberlin* v. *Hite*, 5 Watts, 373. See also *Shute* v. *Davis*, 2 Johns. Cas. 236.)

*Change of the thing demanded.*] An amendment is not allowable in the description of the thing demanded. (*Carter* v. *Branch*, 1 Hayw. 135.) And the court refused to grant leave to amend a declaration in trover, after the jury was sworn, by inserting other articles. (*Keesby* v. *Donaldson*, 2 Browne, 103.)

§ 4. *At what time the declaration may be amended.*

*Amendment before pleas.*] See 8th rule of the Supreme Court of New York of April term, 1796, and rules 23 and 24 of 1845, and 22 and 23 of 1847, which are similar.

*After plea or demurrer.*] Declarations may be amended after plea or demurrer. (*Lanning* v. *Shute,* 2 South. 778. See *Holbrook* v. *Pratt,* 1 Mass. 96. *Hallock* v. *Robinson,* 2 Caines, 133. *Hobby* v. *Mead,* 1 Day, 206. *Austin* v. *Dills,* 1 Tyler, 311. *Gammon* v. *Schmoll,* 5 Taunt. 344. 1 Marsh. 80. *Lakin* v. *Watson,* 2 Dowl. P. C. 633. *Shute* v. *Davis,* 2 Johns. Cas. 236.) So after withdrawing a demurrer to a plea, the plaintiff may amend his declaration by adding a new count. (*Harris* v. *Wadsworth,* 3 Johns. 257.) As we have before seen, a plaintiff, in New York, may amend his declaration at any time within 20 days after service of the plea, if the plea be the general issue ; (*Hitchcock* v. *Post,* 1 Wend. 16 ;) therefore, where otherwise the action would be barred by the statute of limitations, a declaration in slander may be amended, even after issue joined. (*Tobias* v. *Harland,* 1 Wend. 93.) But the plaintiff cannot amend his declaration, after plea pleaded, without paying costs and giving an imparlance. (*Holmes* v. *Lansing,* 1 Johns. Cas. 248. Coleman, 92. See also *Farnum* v. *Bell,* 3 New Hampshire, 72. *Goodwin* v. *Smith,* 4 id. 29. *Baker* v. *Harrison,* 5 Little, 60.)

*After notice of trial.*] The declaration or plea may be amended at any time previous to the trial, provided the opposite party is not taken by surprise ; (*Golders* v. *Clayton,* 1 Browne, 175 ; *Penny* v. *Van Cleef,* 1 Hall, 165 :) therefore, a plaintiff, after notice of trial, may be allowed to amend his declaration by changing the venue, on paying costs of motion, and of former plea, if a new defence be interposed. (*Farrington* v. *Suydam,* 9 Wend. 430.) And a declaration was amended by altering the time of demise, though the cause had been twice noticed for trial, and on objection taken on the trial, that the time was laid too early, and a bill of exceptions signed on this point. (*Jackson* v. *Tuttle,* 6 Cow. 590. S. P. *Lion* v. *Burtis,* 18 Johns. 510.) And it has been held that a second count in slander may be amended even after issue joined, by inserting the word " other" before the word " discourse ;" the first count having alleged a certain discourse. (*Gay* v. *Homer,* 13 Pick. 535.) But the same strictness is required, as to amendments, whether they are applied for before or at the time of trial. (*Ib.*) And inasmuch as an amendment of a declaration shall not delay the defendant, (*Respublica* v. *Coates,* 1 Yeates, 35,) an amendment of a declaration was refused when it was too late for the defendant to have an imparlance. (*Proprietary* v. *Pearce,* 1 Har. & M'Hen. 223. See also *Noble* v. *King,* 1 H. Black. 34.)

In Pennsylvania the rule with regard to amendments is exceedingly liberal. The statute of that state fixes no limit to the number of amendments, and a plaintiff, after amending his declaration twice, may amend it a third time on trial ; (*Franklin* v. *Mackey,* 16 S. & R. 117 ;) and provided the opposite party is not taken by surprise, the declaration or plea may be amended at any time *during* the trial, without costs. (*Clark* v. *Herring,* 5 Bin. 33. *Miles* v. *O'Hara,* 1 S. & R. 32. *Cunningham* v. *Day,* 2 S. & R. 1. *Smith* v. *Rutherford,* id. 358.) Therefore, where the declaration is in *indeb. assump.* for goods sold, &c., the plaintiff may be permitted at the trial to add a count on a *quantum meruit.* (*Rodrigue* v. *Curcier,* 15 S. & R. 83.) So in an action on a policy of insurance, where the plaintiff declared on loss by capture and by perils of the sea, the court

Bogart v. Macdonald.

permitted an amendment by adding a count for loss by barratry. (*Anon.* 15 S. & R. 83.) So where plaintiff has been allowed, without objection, to give evidence, which might have been objected to in the state of the pleadings, he may amend his declaration, after the evidence on both sides is closed, and the argument begun, so as to 'make it correspond with such evidence. (*Christine* v. *Whitehill*, 15 S. & R. 198.) So in trespass, where the declaration stated the act to have been committed in the township of Beaver, in Union county, the plaintiff was allowed to amend the declaration, after the jury was sworn, by inserting the name of *Centre* township, instead of *Beaver*, to correspond with the fact. (*Clymer* v. *Thomas*, 7 S. & R. 178.) So where, in debt on a recognizance, the writ describes the defendant as a joint and several cognizor, the declaration may be amended, so as to make it a several recognizance. (*Franklin* v. *Mackey*, 16 S. & R. 117.) So a declaration in ejectment was altered after the jury was sworn, to make it conformable to the record. (*Lessee of Smith* v. *Brown*, 1 Yeates, 513.) So in an action on a sheriff's bond, the plaintiff may assign new breaches of the condition of the bond, after the jury is sworn. (*Shannon* v. *Commonwealth*, 8 S. & R. 444.)

In Vermont it has been held that in declaration on a libel *quæ sequitur in his verbis*, where the minutest variance is fatal, an amendment will be ordered *instanter*, if exception is taken on the trial, without paying costs ; (*Harris* v. *Lawrence*, 1 Tyler, 156 ;) and in Virginia, that on trial of the issue of *nul tiel* record, the court may allow an amendment of the declaration. (*Anderson* v. *Dudley*, 5 Call, 529. See also *Tabb* v. *Gregory*, 4 Call, 225.)

But in Pennsylvania, the court refused to grant leave to amend a declaration in trover, after the jury was sworn, by inserting other articles ; (*Keasby* v. *Donaldson*, 2 Browne, 103 ;) and in one case, the district court refused to allow a declaration to be amended, by striking out the word *indorser* and inserting *indorsee.* (*Thackara* v. *Curren*, 2 Browne, 246.) So in slander, where the words were not actionable in themselves, but were laid as having been spoken of a man's trade or calling, the court refused to allow the declaration to be amended after the jury was sworn, by altering the trade laid in the declaration, (*Id.*,) though this was doubted by the supreme court. (15 S. & R. 83.) So where the declaration is in itself formal, the court will not, at the moment of trial, allow a new and substantial count to be added, changing the nature of the controversy. (*Howard* v. *M'Kowen*, 2 Browne, 150, 159.)

*After the trial or verdict.*] The declaration may be amended after a trial, and a juror withdrawn ; (*Jude* v. *Syme*, 3 Call, 522 ;) and the court of exchequer allowed a plaintiff to amend his declaration, after a new trial obtained, on the ground of a variance, upon the usual terms of paying the costs of the amendment and application only ; the costs of the new trial to abide the event. (*Hooper* v. *Mantel*, 13 Price, 695, 736 ; M'Clel. 388.) And it was held that a declaration may be amended after a nonsuit, where a fresh action would otherwise be barred by the statute of limitations. (*Dartnall* v. *Howard*, 2 Chit. 28.) But, generally, the court will not allow the plaintiff to amend, even on payment of the costs of the trial, but will leave him to his

Bogart v. Macdonald.

remedy, by bringing a fresh action. (*Brown* v. *Knill*, 5 Moore, 164 ; 2 B. & B. 395.) Where a declaration contained a profert of a bond, from which the seal had been torn, and trial was had on *non est factum* pleaded, and the point was reserved, the plaintiff was allowed, before arguing the point reserved, to amend, by adapting his declaration to the fact ; the defendant not having been misled by the original form of declaring. (*Rees* v. *Overbaugh*, 4 Cow. 124.) So of a lost deed. (*Jansen* v. *Ball*, 6 Cow. 628.) So where one of the counts in the declaration was good, and the others bad, (the defendant having moved in arrest of judgment,) the plaintiff was allowed to amend the bad counts, on payment of costs since declaring. (*Livingston* v. *Rogers*, 1 Caines, 583.) And a declaration was permitted to be amended by adding a count setting forth a special agreement, nine years after the commencement of the suit, and after three trials had at the circuit ; the agreement having been proved at each trial, without objection to the declaration, and the statute of limitations having run so as to bar a new action ; (*Miller* v. *Watson*, 6 Wend. 506 ;) and an amendment as to the place laid in a declaration in ejectment, granted after the plaintiff had been nonsuited at the trial, for variance ; (*Jackson* v. *Bailey*, 5 Cow. 265 ;) and where a plaintiff suffered a nonsuit from a mistake in his declaration, the court afterwards permitted him to take off the nonsuit and amend the declaration, on paying costs ; (*Craig* v. *Brown*, Peters C. C. 139 ; *Hill* v. *Haskins*, 8 Pick. 83 ;) and the time of the demise may be amended after nonsuit, on the ground that the lessor of the plaintiff was a *feme covert* at the time of the demise ; (*Den* v. *Franklin*, 2 South. 850 ;) and in Pennsylvania it has been held that a declaration, setting forth that defendant bound himself not to do a certain act, where he evidently intended to bind himself to do it, being amendable in the court below, will be held in the court above as actually amended. (*Cummings* v. *Lebo*, 2 Rawle, 23 )

Generally, a declaration cannot be amended after verdict. (*Marriott* v. *Lister*, 2 Wils. 141, 147. And see *Lloyd* v. *Skutt*, 2 Tidd's Prac. 776 ; *Watson* v. *Richardson*, 1 Wils. 226.) But an amendment may be made by increasing the damages according to the truth of the case as found by the jury, the former verdict being at the same time set aside, and a new trial granted, to enable the defendant to make his defence to the demand so enlarged. (*Tomlinson* v. *Blacksmith*, 7 T. R. 132.) In New York a declaration may be amended on terms, after verdict, so as to conform it to the proof. (*Hull* v. *Turner*, 1 Wend. 72.) Thus a declaration in trover for notes, misdescribing them, was amended after verdict, and a case made, upon which the variance was presented as one objection. (*Hoffnagle* v. *Leavitt*, 7 Cow. 517. S. P. *Stanwood* v. *Scovel*, 4 Pick. 422.) But the defendant's reliance on the variance having caused a material want of preparation for defence on the merits, the motion for amendment was accompanied with the condition that the plaintiff should consent to a new trial ; otherwise, that the case should proceed to argument with the variance upon it. (7 Cow. *ubi sup*.) And in Massachusetts, the declaration may be amended after judgment is arrested for a defect in the original declaration ; a new trial being granted. (*Williams* v. *Hingham Turnpike*, 4 Pick. 341. S. P. *Wilson* v. *Bowen*, 5

Bogart v. Macdonald.

Monr. 35. See also *Jude* v. *Syme*, 3 Call, 552.) So in Pennsylvania a declaration *in* assumpsit, laying the promise to have been made after the action was commenced, may be amended after verdict, by altering the day upon which the promise was laid, if it appears from the record that the cause of action arose before the commencement of the suit. (*Bailey* v. *Musgrave*, 2 S. & R. 219.) But where a verdict is found for an amount exceeding the damages claimed in the declaration, the plaintiff will not be permitted to amend his declaration by increasing the damages, unless he abandons his verdict, pays the defendant's costs of the trial and of resisting the motion, and consents to a new trial. (*Dox* v. *Dey*, 3 Wend. 356.) Therefore, in slander, where the *ad damnum* was $1000, and the verdict $4250, the court refused to allow the declaration to be amended by increasing the amount of damages alleged. (*Curtis* v. *Lawrence*, 17 Johns. 111.) And in Pennsylvania, where damages found by a jury exceed the amount laid in the declaration, the court will not amend the declaration without sending the cause to a new trial. (*Girard* v. *Stiles*, 4 Yeates, 1.) And it has been there laid down as a general principle, that after verdict, no new count can be added, nor can the form of the declaration be essentially varied. (*Mayfield* v. *White*, 1 Browne, 250.) So in New Hampshire, the want of a material allegation in a declaration cannot be supplied by way of amendment, after a verdict. (*Freeze* v. *Marston*, 5 New Hamp. 221.)

*After the judgment.*] Where, on a judgment by default, on a declaration upon a promissory note with the money counts, the plaintiff had caused the damages to be assessed by the clerk, and taken final judgment without entering a *nolle prosequi* as to the money counts ; on a motion to set aside the judgment and subsequent proceedings, he was allowed to amend, on payment of costs, by entering a *nolle prosequi;* and the motion to set aside the judgment was denied. (*Seeber* v. *Yates*, 6 Cow. 40.) So where a plaintiff, on leave to amend, struck out a count, erroneously supposing he had a better remedy for the cause of action on which it was founded, and took judgment on the remaining counts, he was permitted, on a review of the first action, to restore that count, having first unsuccessfully attempted his other supposed remedy. (*Parker* v. *Parker*, 17 Mass. 376.) So in Pennsylvania, an omission to strike out the name of the casual ejector, and to insert that of the real defendant, may be amended after judgment. (*Bailey* v. *Fairplay*, 6 Binn. 450 ) And on a second trial, after reversal of a former judgment. (*Lee* v. *Wright*, 1 Rawle, 149.) So in New Jersey an amendment of a declaration was allowed after judgment by default, on the condition of opening the judgment, and giving time to plead. (*Boudinot* v. *Lewis*, 2 Pen. 512. See also *De Lisle* v. *Priestman*, 1 Browne, 115.)

§ 5. *Effect of amendment upon the rights of the opposite party.*

In allowing amendments of pleadings, as we have before seen, the rights of the opposite party are carefully guarded by the courts, and no amendment permitted which will do him injustice. Therefore, an amendment of a declaration shall not delay the defendant. (*Respublica* v. *Coates*, 1 Yeates, 35.)

Bogart v. Macdonald.

And again : if a declaration be so amended as to operate as a *surprise* upon the defendant, a continuance will be granted. In Indiana, this right is given by statute where the plaintiff makes a substantial amendment. Under this statute, it is held that inserting, in a declaration in covenant, an averment that the instrument declared on is under seal, is a substantial amendment. *(Kelly* v. *Duignan,* 2 Blackf. 420.) And so of the insertion of an averment of a demand made on the defendant, in a case where a demand was necessary before the action could be brought. *(Ewing* v. *French,* 1 Blackf. 170.) But a continuance shall not be claimed for any amendment, unless the adverse party is thereby surprised ; of which, in general, the court is to judge. *(Folker* v. *Scatterlee,* 2 Rawle, 213.) And in Maryland, an imparlance was refused on an amendment of a declaration made at the last term to which the cause could be legally continued. *(Dashiel* v. *Heron,* 1 Har. & M'Hen. 385. See also *Anderson* v. *Dudley,* 5 Call, 529. *Furniss* v. *Ellis,* 2 Brock. 14.)

In *Anon.* (2 Salk. 517,) Holt, Ch. J. said, " anciently they did not plead *de novo* after an amendment. The practice of pleading *de novo* is but of late introduced, but with great reason." (See also *Barry* v. *Rodney,* 2 Chit. R. 332. *Blunt* v. *Morris,* 2 Bl. R. 785. *Barton* v. *Moore,* 8 T. R. 87.) This rule prevailed when the courts were far more strict and technical in allowing amendments than they have been for a great many years, and it is now necessarily changed by the liberal extension of the power and practice of amendment. The English practice allows a new plea in all cases, the amended declaration being considered equivalent to a new one, and all subsequent pleadings as in effect stricken out. (Tidd, 469, 474, 707.) In *Woodruffe* v. *Watson,* 6 Taunt. 400,) it was decided that an amendment of the plaintiff's declaration does not necessarily entitle the defendant to plead *de novo,* but only where the amendment alters the state of the defendant's case ; and in *Huckvale et al.* v. *Kendal,* (3 Barn. & Ald. 137,) it was decided that after delivery of an amended declaration, a demand of a plea is not necessary to entitle a party to sign judgment. In *Flogg* v. *Borstley,* (1 C. & M. 770 ; 3 Tyr. 905 ; 2 Dowl. P. C. 107,) it was held that where a plaintiff amends his declaration with liberty to the defendant to plead *de novo ;* if the defendant do not plead *de novo,* the former plea will stand, if it be applicable to the amended declaration. In Virginia, where on trial of the issue *nul tiel record,* the court allows an amendment of the declaration as it may do, (see *Anderson* v. *Dudley,* 5 Call, 529 ; also, *Tabb* v. *Gregory,* 4 id. 225,) the defendant is allowed to amend his plea, or plead anew, or is entitled to a continuance, if he asks it. *(Anderson* v. *Dudley, ut supra.* See also *Furniss* v. *Ellis,* 2 Brock. 14.) And in New York where one party is permitted to amend, or amends without leave, the other has a right to plead *de novo,* whether the new plea be material to his defence or not. *(Penny* v. *Van Cleef,* 1 Hall, 165. See also *Crosby* v. *Hite,* 1 Wash. 363.) But though one party obtain leave by special motion to amend his pleading in matter of substance after issue joined thereon, the opposite party is not allowed to answer the amended pleading *de novo,* unless the right be expressly reserved in the rule. Though it is otherwise where the amendment is of course pursuant to the 23d rule of

the supreme court of that state.    (*Barstow* v. *Randall et al.* 5 Hill, 556.) As we have seen before, the statute of New York, (2 R. S. 2d ed. 343,) provides that if any pleading is amended in matter of substance, the adverse party shall be allowed to answer.   In England where an amendment of the declaration is allowed, no new rule to plead shall be deemed necessary, whether such amendment be made of the same term, or of a different term (Reg. Gen. K. B., C. P., and Excheq., H. T. 2 W. 4, 1 Dowl. P. C. 188 ; 8 Bing. 294 ; 1 M. & Scott, 420 ; 3 B. & Adol. 379 ; 2 C. & J. 179 ; 2 Tyr. 344 ; 4 Bligh, N. S. 597.)

As to the practice and costs in amendment, the reader is respectfully referred to the various books of practice, in which the subject is fully treated, and to the United States Digest, (tit. Amendment,) where a large number of valuable cases have been collected upon the law of amendment, for which the editor is grateful, in common with the rest of the profession throughout the country.